## Corkran, Appellant, *v.* Patterson.

*Affidavit of defense—Practice, C. P.—Fraud.*

In an action against two persons formerly partners for commission on sales alleged to have been earned by the plaintiff as a salesman before the dissolution of the partnership, an affidavit of defense is sufficient which avers that the retiring partner had started a rival and similar business, and had secured the plaintiff as a salesman, that the suit had been brought by agreement and in collusion with the retiring partner, so as to make the continuing partner individually liable, that plaintiff was paid in full to the time of the dissolution of the old firm upon a schedule made with plaintiff's knowledge, that by collusion between plaintiff and the retiring partner, the defendant was induced to pay the plaintiff commissions on sales made after the dissolution of

the firm, and that the retiring partner had filed a separate affidavit of defense agreeing that the plaintiff's claim was correct.

Argued Oct. 18, 1906.    Appeal, No. 137, Oct. T., 1906, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1904, No. 1,091, refusing to make absolute rule for judgment for want of a sufficient affidavit of defense in case of Samuel Corkran v. James B. Patterson and Herman L. Hohlfeld, trading as Patterson & Hohlfeld Manufacturing Company.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Assumpsit to recover commissions on sale.

The affidavit of defense of Herman L. Hohlfeld was as follows:

It is true that this deponent was a member of the firm of the Patterson and Hohlfeld Manufacturing Company up to August 1, 1904, at which time the firm was dissolved, the said James B. Patterson having previous to that time arranged to start a new business in competition with the said Herman L. Hohlfeld and in violation of the articles of partnership between the said James B. Patterson and this deponent the said James B. Patterson rented premises, put in machinery and started a business and arranged to engage the plaintiff, Samuel Corkran in the same capacity in which he was then engaged by the firm of the Patterson and Hohlfeld Manufacturing Company.

That at the time of the dissolution, the said James B. Patterson, who had had charge of the accounts with the plaintiff Samuel Corkran, gave the amounts of his sales and commissions thereon to an expert accountant engaged by this deponent, which the said Patterson informed the expert accountant was all of the amount due or that would become due to the said Samuel Corkran at the time of the dissolution on August 1, 1904.    That upon these figures settlement was made with the said Samuel Corkran and the whole of the commissions to which he was entitled according to these papers was paid him.    That the said Samuel Corkran, the plaintiff, was an arbitrator selected by the said James B. Patterson to settle the differences in dispute under the articles of partnership at the time of the said dissolution between the said James B. Patter-

son and this deponent and was familiar with all the facts relating to the settlement and said nothing to this deponent about any other amount being due him before the settlement of the said partnership affairs in which this deponent paid to the said Patterson the sum of upwards of $45,000. Not only was the said Samuel Corkran an arbitrator representing the said James B. Patterson, but he was also at the same time a salesman for the said James B. Patterson and in his employ, and he knew that this deponent was endeavoring to get all the indebtedness of the firm so that he could make a definitive settlement with his partner, the said James B. Patterson, and that knowing all this the said Samuel Corkran never suggested in any way that he had an additional claim against the firm of the Patterson and Hohlfeld Manufacturing Company until this deponent had made a settlement with the said James B. Patterson. He then stated to this deponent that his contract with the old firm ran to the end of August, 1904, and demanded from this deponent the commissions on sales made during the month of August, 1904. Believing the statement of the said Samuel Corkran this deponent paid him on September 6, 1904, $20.61 for commissions during the month of August, 1904. Now, by the statement filed in this case he finds that the said Samuel Corkran only claims his contract to have been to August 1, 1904. He therefore says that this sum of $20.61 was fraudulently obtained from him and should be returned to this deponent.

This deponent is informed, believes and expects to be able to prove that the plaintiff is not entitled to any further amount of commissions and he is not entitled to commissions on any of the sales for which he brings suit, and he is informed by counsel that inasmuch as he, the said Samuel Corkran, knew of the settlement between the two partners, was an arbitrator representing the said James B. Patterson in the settlement between the partners, and did not make any claim for any further commissions until after the settlement had been made by this deponent with the said James B. Patterson, that he cannot now recover.

This deponent further avers that he is informed, believes, and expects to be able to prove that this suit has been brought by the said Samuel Corkran by agreement and in collusion

with the said James B. Patterson for the purpose of injuring this deponent in the business which he purchased from the said James B. Patterson.

This deponent avers that he is not indebted to the plaintiff in any sum whatever, but on the contrary he overs that the plaintiff is indebted to him in the sum of $20.61 paid to him, the said Samuel Corkran, by this deponent upon the fraudulent statement that he was entitled to commissions for goods during the month of August, 1904, and he will ask for a certificate for the return of this money to him upon the trial of this cause.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Wayne P. Rambo*, for appellant.

*Weaver & Drake*, for appellee.

OPINION BY ORLADY, J., February 25, 1907:

In this case the court below discharged a rule for judgment for want of a sufficient affidavit of defense, and also one for that part of the plaintiff's claim as to which the affidavit was alleged to be insufficient.

The defendants were copartners as manufacturers of hammocks, etc., until August 1, 1904, when the firm was dissolved by Hohlfeld purchasing the interest of Patterson and continuing the same business. Patterson started a rival and similar business and secured the plaintiff in the same capacity in which he had acted for the old firm,—that of a traveling salesman. This claim is for commissions, on sales made for the old firm, and Patterson in his separate affidavit of defense agrees that the plaintiff's claim is correct. With this admission of record since February, 1905, the plaintiff has not made any move for judgment against him. Hohlfeld avers that this suit has been brought by agreement and in collusion with Patterson, so as to make him individually liable, and that Corkran was paid in full to the time of the dissolution of the old firm upon a schedule and statement made with Corkran's knowledge to adjust the rights and liabilities of the parties. That by collusion between

Corkran and Patterson, Hohlfeld was induced to pay to the plaintiff commissions on sales made after the dissolution of the firm. The defendant Hohlfeld avers that he is not indebted to the plaintiff in any sum whatsoever, and while the affidavit is not so specific in some respects as it should have been, the alleged combination of the plaintiff with the other defendant to secure a judgment against Hohlfeld, taken in connection with the facts that are sufficiently set out, fully justified the court in declining to make either of the rules absolute.

The judgment is affirmed.